IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENDRO MICHAEL THOMAS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | (Judge Mannion) |
| | : | (Magistrate Judge Saporito) |
| UNITED STATES OF AMERICA, | : | |
| et al | : | |
| Defendants. | : | NO.: 3:15-cv-00434 |

## MEMORANDUM AND ORDER

Background:

On March 2, 2015, the plaintiff, Lendro Michael Thomas ("Thomas") filed an application for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. §2241. Thomas filed a motion for appointment of counsel (Doc. 2). He filed an application to proceed *In Forma Pauperis* (Doc. 4) which we granted (Doc. 5). Based upon a reading of Thomas' application (Doc. 1), he was charged in a four count indictment in the United States District Court for the District of Maryland as follows:

> Count one: Possession with Intent to distribute a detectable amount of cocaine and heroin in violation of U.S. 21 U.S.C. §841(a)(1); count two: Distribution of heroin in violation of 21 U.S.C. §8410(a)(1); count three: Possession of a firearm in furtherance of drug trafficking crime in violation of U.S.C. §924c; and count four: Possession of a firearm in violation of 18 U.S.C. §922(g)(1).

Based upon the verdict form attached to the application as an exhibit, Thomas was found guilty of all four (4) counts on June 16, 2004.

Thomas contends that he was unlawfully convicted for multiple drug types in count one of the indictment and that the jury verdict did not specify the drug amounts in its verdict. Thomas attached as exhibits the indictment and jury verdict form together with a copy of an Order dated February 4, 2015 from the United States Court of Appeals for the Fourth Circuit denying Thomas' motion under 28 U.S.C. §2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. §2255.

Before us for disposition is Thomas' motion for the appointment of counsel. (Doc. 2).

Motion to Appoint Counsel:

Appointment of counsel is discretionary with the court, *See,* 18 U.S.C. § 3006A(a)(2)(B), and counsel must be appointed for an indigent federal habeas corpus petitioner only when the interests of justice or due process so require. *Schultz v. Wainwright,* 701 F.2d 900 (11th Cir. 1983). No such conditions exist in the present case.

The Court in *Wheeler v. Vaughn,* 2004 WL 73728 *4, n. 3. (E.D. Pa.) stated as follows:

> Any person seeking habeas relief may be granted counsel if the court determines that the interests of justice so require and such person is financially unable to obtain representation. 18 U.S.C. §3006A(a)(2)(B). "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese v. Fulcomer,* 946 F.2d 247, 264 (3d Cir.1991); *cf Tabron v. Grace,* 6 F.3d 147, 155-56 (3d Cir.1993) (holding that district courts should consider the following factors in determining whether to appoint counsel pursuant to 28 U.S.C. §§1915(e)(1): (1) the plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the amount a case is likely to turn on credibility determination, (5) whether the case will require the testimony of expert witnesses, and (6) whether the plaintiff can attain and afford counsel on his own behalf.

In this case, Thomas has demonstrated "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *Reese,* 946 F.2d at 264 (quoting *La Mere v. Risley,* 827 F.2d 622, 626 (9th Cir.1987)). In his habeas petition (Doc. 1), Thomas cites to relevant statutory and case law and, he details the factual background of his habeas claims. Thomas also submitted exhibits with his habeas petition. He has filed motions on his own behalf in this case. Furthermore, the legal and factual issues raised in the habeas petition are not difficult and overly complex. Moreover, Thomas has not shown that this case

3

will require in-depth factual investigations. Nor do we find that this habeas proceeding will require the testimony of expert witnesses. Finally, we doubt that the petitioner is able to afford counsel.

Therefore, at this juncture, we find that the interests of justice do not require the appointment of counsel in this case.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: March 31, 2015