**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LENDRO MICHAEL THOMAS,** : | |
| Petitioner : | CIVIL ACTION NO. 3:15-0434 |
| v. : | (JUDGE MANNION) |
| **UNITED STATES OF AMERICA,** : | |
| Respondent : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Joseph F. Saporito, Jr., which recommends that the instant action be dismissed. (Doc. 11). The petitioner has filed no objections to the report. Upon review of the report and related documents, the report will be adopted in full and the instant action dismissed.

By way of relevant background, on March 2, 2015, the petitioner filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his conviction and sentence in the United States District Court for the District of Maryland for possession with intent to distribute heroin, distribution of heroin, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (Doc. 1). Specifically, the petitioner claims that the general verdict form used by the jury in his case did not specify the quantity of drugs involved in the crimes for which he was convicted. The petitioner claims that this is contrary to the requirements imposed by various federal appellate decisions. The petitioner has attached

to his filing documentation which demonstrates that he has previously attempted to challenge his conviction and sentence by way of a motion pursuant to 28 U.S.C. §2255.

The petitioner was granted permission to proceed *in forma pauperis* and an order to show cause was entered on March 26, 2015. (Doc. 5). The government filed a response to the petition on April 1, 2015, (Doc. 8), and on April 24, 2015, the petitioner filed his reply along with an affidavit, (Doc. 9, Doc. 10).

In considering the petitioner's claims, Judge Saporito determined that, since the petitioner is challenging the validity, as opposed to execution, of his conviction and sentence, the proper course of action is by way of a motion to correct, vacate or set aside his conviction and sentence pursuant to 28 U.S.C. §2255, not a habeas petition pursuant to §2241. (Doc. 11). As such, Judge Saporito has recommended that the petitioner's action be dismissed without prejudice to the petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§2244 and 2255(h), as they may apply. Again, the petitioner has filed no objections to Judge Saporito's report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; see also Univac Dental Co. v.

Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As set forth by Judge Saporito, challenges to the validity of a sentence must be accomplished through a §2255 motion brought in the sentencing court. See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008). "Only if it shown that a §2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D.Pa. 2001) (quoting Strollo v. Alldredge, 463 F.2d 1194 (3d Cir. 1972) (*per curiam*)).

In this case, as found by Judge Saporito, the petitioner is challenging the validity of his sentence, not its execution. Thus, in order to proceed under §2241, he must demonstrate that a motion pursuant to §2255 in the sentencing court is inadequate or ineffective to test the legality of his detention. The fact that the petitioner was previously unsuccessful in his attempts at filing a §2255 motion is insufficient. Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (*per curiam*). "It is the inefficacy of the remedy, not a

3

personal inability to utilize it, that is determinative. . ." Garris v. Lindsay, 794 F.2d 722, 272 (D.C. Cir.) *cert. denied*, 479 U.S. 993 (1986)). Moreover, the petitioner's remedies are not inadequate or ineffective under §2255 simply because he cannot meet the requirements of §2244 and §2255(h), which require that a petitioner obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court. See Brown, 167 F.Supp.2d 726-27. The petitioner has not demonstrated that his remedies are inadequate or ineffective by way of a §2255 motion.

    In light of the above, the court finds no clear error on the face of the record. As such, the report of Judge Saporito will be adopted in its entirety and the petition will be dismissed. An appropriate order shall issue.

                                         s/ *Malachy E. Mannion*
                                         **MALACHY E. MANNION**
                                         **United States District Judge**

**Date: July 2, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0434-01.wpd